# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN AMUSEMENT TICKET MANUFACTURERS ASSOCIATION, ET AL., Defendants;<br><br>        v.<br><br>ATLANTIC CLEANERS AND DYERS, INC., ET AL., Defendants;<br><br>        v.<br><br>PLUMBING AND HEATING INDUSTRIES ADMINISTRATIVE ASSOCIATION, INC., ET AL., Defendants;<br><br>        v.<br><br>UNION PAINTERS ADMINISTRATIVE ASSOCIATION, INC., ET AL., Defendants;<br><br>        v.<br><br>EXCAVATORS ADMINISTRATIVE ASSOCATION, ET AL., Defendants;<br><br>        v.<br><br>MASON CONTRACTORS ASSOCIATION OF THE DISTRICT OF COLUMBIA, ET AL., Defendants;<br><br>        v. | <br><br><br><br><br><br><br><br>Civil No. 46422<br><br><br><br><br>Civil No. 49417<br><br><br><br><br><br>Civil No. 5226<br><br><br><br><br>Civil No. 5225<br><br><br><br><br>Civil No. 5227<br><br><br><br><br><br>Civil No. 6169 |

| | |
|---|---|
| THE ASSOCIATION OF AMERICAN RAILROADS, ET AL., Defendants; | Civil No. 4551 |
| v. | |
| THE STANDARD REGISTER COMPANY, Defendant; | Civil No. 36040 |
| v. | |
| NATIONAL ASSOCIATION OF REAL ESTATE BOARDS, ET AL., Defendants; | Civil No. 3472-47 |
| v. | |
| UNITED STATES GYPSUM COMPANY, ET AL., Defendants; | Civil No. 8017 |
| v. | |
| LYMAN GUN SIGHT CORPORATION, ET AL., Defendants; | Civil No. 890-56 |
| v. | |
| MARYLAND AND VIRGINIA MILK PRODUCERS ASSOCIATION, INC., Defendant; | Civil No. 4482-56 |
| v. | |
| CENTRAL CHARGE SERVICE, INC., Defendant; | Civil No. 2259-60 |
| v. | |
| GREATER WASHINGTON SERVICE STATION ASSOCIATION, INC., Defendant; | Civil No. 2053-62 |
| v. | |
| AMERICAN INSTITUTE OF ARCHITECTS, Defendant; | Civil No. 992-72 |
| v. | |

| | |
|---|---|
| AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS, INC., Defendant; | Civil No. 1091-72 |
| v. | |
| PAN AMERICAN WORLD AIRWAYS, INC., ET AL., Defendants; | Civil No. 77-197 |
| v. | |
| NATIONAL SOCIETY OF PROFESSIONAL ENGINEERS, Defendant; | Civil No. 2412-72 |
| v. | |
| WHEELABRATOR-FRYE INC., ET AL., Defendants. | Civil No. 80-2346 |

**MEMORANDUM IN SUPPORT OF THE MOTION OF
THE UNITED STATES TO TERMINATE LEGACY ANTITRUST JUDGMENTS**

The United States respectfully submits this memorandum in support of its motion to terminate nineteen legacy antitrust judgments. The Court entered these judgments in cases brought by the United States between 1926 and 1981; thus, they are between thirty-seven and ninety-two years old. After examining each judgment—and after soliciting public comment on each proposed termination—the United States has concluded that termination of these judgments is appropriate. Termination will permit the Court to clear its docket, the Department to clear its records, and businesses to clear their books, allowing each to utilize its resources more effectively.

**I.     BACKGROUND**

From 1890, when the antitrust laws were first enacted, until the late 1970s, the United States frequently sought entry of antitrust judgments whose terms never expired.[1]  Such perpetual judgments were the norm until 1979, when the Antitrust Division of the United States Department of Justice ("Antitrust Division") adopted the practice of including a term limit of ten years in nearly all of its antitrust judgments.  Perpetual judgments entered before the policy change, however, remain in effect indefinitely unless a court terminates them.  Although a defendant may move a court to terminate a perpetual judgment, few defendants have done so.  There are many possible reasons for this, including that defendants may not have been willing to bear the costs and time resources to seek termination, defendants may have lost track of decades-old judgments, individual defendants may have passed away, or firm defendants may have gone out of business.  As a result, hundreds of these legacy judgments remain open on the dockets of courts around the country.  Originally intended to protect the loss of competition arising from violations of the antitrust laws, nearly all of these judgments likely have been rendered obsolete by changed circumstances.

The Antitrust Division recently implemented a program to review and, when appropriate, seek termination of legacy judgments.  The Antitrust Division's Judgment Termination Initiative encompasses review of all of its outstanding perpetual antitrust judgments.  The Antitrust Division described the initiative in a statement published in the Federal Register.[2]  In addition, the Antitrust Division established a website to keep the public apprised of its efforts to terminate

---

[1] The primary antitrust laws are the Sherman Act, 15 U.S.C. §§ 1-7, and the Clayton Act, 15 U.S.C. §§ 12-27.  The judgments the United States seeks to terminate with the accompanying motion concern violations of these two laws.

[2] Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.

perpetual judgments that no longer serve to protect competition.[3] The United States believes that its outstanding perpetual antitrust judgments presumptively should be terminated; nevertheless, the Antitrust Division examined each judgment covered by this motion to ensure that it is suitable for termination. The Antitrust Division also gave the public notice of—and the opportunity to comment on—its intention to seek termination of these judgments.

In brief, the process by which the United States has identified judgments it believes should be terminated is as follows:

- The Antitrust Division reviewed its perpetual judgments entered by this Court to identify those that no longer serve to protect competition such that termination would be appropriate.

- When the Antitrust Division identified a judgment it believed suitable for termination, it posted the name of the case and a link to the judgment on its public judgment termination initiative website, https://www.justice.gov/atr/JudgmentTermination.

- The public had the opportunity to submit comments regarding each proposed termination to the Antitrust Division within thirty days of the date the case name and judgment link was posted to the public website.

- Following review of public comments, the Antitrust Division identified those judgments it still believed warranted termination, and the United States moved this Court to terminate them.

The remainder of this memorandum is organized as follows: Section II describes the Court's jurisdiction to terminate the judgments in the above-captioned cases. Section III explains that perpetual judgments rarely serve to protect competition and those that are more than ten years old should be terminated absent compelling circumstances. This section also describes the additional reasons that the United States believes each of the judgments should be terminated. Section IV concludes. Appendix A attaches a copy of each final judgment that the United States seeks to terminate. Appendix B summarizes the terms of each judgment and the

---

[3] https://www.justice.gov/atr/JudgmentTermination.

5

United States' reasons for seeking termination. Appendix C attaches copies of comments received regarding judgments in two of the above-captioned cases. Finally, Appendix D is a Proposed Order Terminating Final Judgments.

## II.     APPLICABLE LEGAL STANDARDS FOR TERMINATING THE JUDGMENTS

This Court has jurisdiction to terminate the judgments in the above-captioned cases. Each judgment, a copy of which is included in Appendix A, provides that the Court retains jurisdiction. The Federal Rules of Civil Procedure grant the Court authority to terminate each judgment. Rule 60(b)(5) and (b)(6) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . (5) [when] applying it prospectively is no longer equitable; or (6) for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6); *see also SEC v. Clifton*, 700 F.2d 744, 746 (D.C. Cir. 1983). The Court also may terminate the judgments under its power in "equity to modify a decree of injunctive relief," which is "long-established, broad, and flexible." *United States v. Western Electric Co.* 46 F.3d 1198, 1202 (D.C. Cir. 1995).

Given its jurisdiction and its authority, the Court may terminate each judgment for any reason that justifies relief, including that the judgments no longer serve their original purpose of protecting competition.[4] Termination of these judgments is warranted.

## III.    ARGUMENT

It is appropriate to terminate the perpetual judgments in each the above-captioned cases because they no longer continue to serve their original purpose of protecting competition. The United States believes that the judgments presumptively should be terminated because their age

---

[4] In light of the circumstances surrounding the judgments for which it seeks termination, the United States does not believe it is necessary for the Court to make an extensive inquiry into the facts of each judgment to terminate them under Fed. R. Civ. P. 60(b)(5) or (b)(6). All of these judgments would have terminated long ago if the Antitrust Division had the foresight to limit them to ten years in duration as under its policy adopted in 1979. Moreover, the passage of decades and changed circumstance since their entry, as described in this memorandum, means that it is likely that the judgments no longer serve their original purpose of protecting competition.

alone suggests they no longer protect competition. Other reasons, however, also weigh in favor of terminating these judgments, including that all terms of the judgment have been satisfied, defendants likely no longer exist, terms of the judgment merely prohibit that which the antitrust laws already prohibit, or changed market conditions likely have rendered the judgment ineffectual. Under such circumstances, the Court may terminate the judgments pursuant to Rule 60(b)(5) or (b)(6) of the Federal Rules of Civil Procedure.

### A.     The Judgments Presumptively Should Be Terminated Because of Their Age

Permanent antitrust injunctions rarely serve to protect competition. The experience of the United States in enforcing the antitrust laws has shown that markets almost always evolve over time in response to competitive and technological changes. These changes may make the prohibitions of decades-old judgments either irrelevant to, or inconsistent with, competition. The development of new products that compete with existing products, for example, may render a market more competitive than it was at the time of entry of the judgment or may even eliminate a market altogether, making the judgment irrelevant. In some circumstances, a judgment may be an impediment to the kind of adaptation to change that is the hallmark of competition, undermining the purposes of the antitrust laws. These considerations, among others, led the Antitrust Division in 1979 to establish its policy of generally including in each judgment a term automatically terminating the judgment after no more than ten years.[5]

The judgments in the above-captioned matters—all of which are decades old—presumptively should be terminated for the reasons that led the Antitrust Division to adopt its 1979 policy of generally limiting judgments to a term of ten years. There are no affirmative

---

[5] U.S. DEP'T OF JUSTICE, ANTITRUST DIVISION MANUAL at III-147 (5th ed. 2008), https://www.justice.gov/atr/division-manual.

reasons for the judgments to remain in effect; indeed, there are additional reasons for terminating them.

### B.     The Judgments Should Be Terminated Because They Are Unnecessary

In addition to age, other reasons weigh heavily in favor of termination of each judgment. These reasons include: (1) all terms of the judgment have been satisfied, (2) most defendants likely no longer exist, (3) the judgment largely prohibits that which the antitrust laws already prohibit, and (4) market conditions likely have changed. Each of these four reasons suggests the judgments no longer serve to protect competition. In this section, we describe these additional reasons, and we identify those judgments that are worthy of termination for each reason. Appendix B summarizes the key terms of each judgment and the reasons to terminate it.

#### 1.     All Terms of Judgment Have Been Satisfied

The Antitrust Division has determined that the terms of the judgment in *United States v. Wheelabrator-Frye Inc., et al.*, Civil No. 80-2346, have been satisfied such that termination is appropriate. This judgment required that defendants divest certain businesses shortly after they merged. The judgment imposed other conditions, including a hold separate term that ensured that Defendants preserved the divestiture assets before sale, which expired with the divestiture or shortly thereafter. Because the required divestitures took place years ago, and because all other substantive terms of the judgment were satisfied or expired with divestiture or within a limited number of years of divestiture, this judgment has been satisfied in full. Termination in this case is a housekeeping action that has no implication for competition: it will allow the Court to clear its docket of a judgment that should have been terminated long ago but for the failure to include a term automatically terminating it upon satisfaction of its substantive terms.

2.       Most Defendants Likely No Longer Exist

The Antitrust Division believes that most of the defendants in the following six cases brought by the United States likely no longer exist:

- *American Amusement Ticket Manufacturers Association, et al.*, Civil No. 46422 (entered in 1926),
- *Atlantic Cleaners and Dyers, Inc., et al.*, Civil No. 49417 (1931),
- *Plumbing and Heating Industries Administrative Association, Inc.*, Civil No. 5226 (1939),
- *Union Painters Administrative Association, Inc., et al.*, Civil No. 5226 (1939),
- *Excavators Administrative Association, et al.*, Civil No. 5227 (1939),
- *Mason Contractors Association of the District of Columbia, et al.*, Civil No. 6169 (1940).

Five of these six judgments relate to very old cases brought against trade associations or trade groups and their individual or firm members. The most recent of these cases is seventy-eight years old. With the passage of time, the individual defendants in these cases likely have passed away and some firm defendants likely have gone out of existence. To the extent that defendants no longer exist, the related judgment serves no purpose, which is an additional reason to terminate these judgments.

3.       Terms of Judgment Prohibit Acts Already Prohibited by Law

The Antitrust Division has determined that the core provisions of the judgments in the following cases merely prohibit acts that are illegal under the antitrust laws, such as price fixing, customer allocations, or group boycotts:

- *American Amusement Ticket Manufacturers Association, et al.*, Civil No. 46422 (prohibiting price fixing and customer allocation),
- *Atlantic Cleaners and Dyers, Inc. et al.* Civil No. 49417 (price fixing, customer allocation),
- *Plumbing and Heating Industries Administrative Association, Inc.*, Civil No. 5226 (price fixing),
- *Union Painters Administrative Association, Inc., et al.*, Civil No. 5226 (price fixing),
- *Excavators Administrative Association, et al.*, Civil No. 5227 (price fixing),
- *Mason Contractors Association of the District of Columbia, et al.*, Civil No. 6169 (price fixing),

- *The Association of American Railroads, et al.*, Civil No. 4551 (price fixing),
- *National Association of Real Estate Boards, et al.* Civil No. 3472-47 (price fixing),
- *United States Gypsum Company, et al.*, Civil No. 8017 (price fixing),
- *Lyman Gun Sight Corporation, et al.*, Civil No. 890-56 (price fixing),
- *Maryland and Virginia Milk Producers Association, Inc.*, Civil No. 4482-56 (price fixing, group boycott),
- *Greater Washington Service Station Association, Inc.*, Civil No. 2053-62 (price fixing),
- *American Institute of Architects*, Civil No. 992-72 (price fixing),
- *American Institute of Certified Public Accountants, Inc.*, Civil No. 1091-72 (price fixing),
- *Pan American World Airways, Inc., et al.*, Civil No. 77-197 (price fixing), and
- *National Society of Professional Engineers*, Civil No. 2412-72 (price fixing).

These terms amount to little more than an admonition that defendants shall not violate the law.  Absent such terms, defendants who engage in the type of behavior prohibited by these judgments still face the possibility of imprisonment, significant criminal fines, and treble damages in private follow-on litigation, thereby making such violations of the antitrust laws unlikely to occur.  To the extent these judgments include terms that do little to deter anticompetitive acts, they serve no purpose and there is reason to terminate them.

    4.  <u>Market Conditions Likely Have Changed</u>

The Antitrust Division has determined that the following three judgments concern products or markets that likely no longer exist, no longer are substantial in size, or now face different competitive forces such that the behavior at issue likely no longer is of competitive concern:

- *American Amusement Ticket Manufacturers Association, et al.*, Civil No. 46422 (concerning amusement tickets),
- *The Standard Register Company*, Civil No. 36040 (concerning platens and marginally punched continuous forms for use in business machines, such as typewriters and tabulating machines), and
- *Central Charge Service, Inc.*, Civil No. 2259-60 (concerning central credit service plans).

The most recent of these judgments is fifty-six years old, and substantial changes in technology during the decades since their entry likely have rendered them obsolete. The *American Amusement Ticket Manufacturers Association, et al.,* judgment was entered in 1926, when paper tickets were the norm, and well before the advent of electronic ticketing, which now is widespread. The *Standard Register Company* judgment was entered in 1949, a time when typewriters were in widespread use, decades before the personal computer and electronic printers changed the way printed work was produced. The judgment in *Central Charge Services, Inc.,* was entered in 1962, well before the widespread use of credit cards. Market dynamics in these industries appear to have changed so substantially that the factual conditions that underlay the decisions to enter the judgments no longer exist.

    5.  <u>Other Reasons to Terminate</u>

Finally, the following two judgments included provisions mandating that defendants grant licenses related to certain patents they held (or would hold in the near future):

- *The Standard Register Company*, Civil No. 36040 (concerning patents held for platens and auxiliary equipment), and
- *United States Gypsum Company, et al.*, Civil No. 8017 (concerning patents held, or acquired within five years of the final judgment, for gypsum board, its processes and methods of manufacture or use).

Given the time that has elapsed since entry of the final judgments—sixty-nine years in the case of *The Standard Register Company* and sixty-seven years in the case of *United States Gypsum Company*—any relevant patents would have expired long ago. As a result, the mandatory licensing provisions of each judgment have become obsolete, which is another reason to terminate these judgments.

## C. There Has Been No Public Opposition to Termination

The United States has provided adequate notice to the public regarding its intent to seek termination of the judgments. On April 25, 2018, the Antitrust Division issued a press release announcing its efforts to review and terminate legacy antitrust judgments, and noting that it would begin its efforts by proposing to terminate judgments entered by the federal district courts in Washington, D.C., and Alexandria, Virginia.[6] On the same day, the Antitrust Division listed the judgments in the above-captioned cases on its public website, describing its intent to move to terminate the judgments.[7] The notice identified each case, linked to the judgment, and invited public comment. The Antitrust Division received two comments, attached as Appendix B, which concerned *Lyman Gun Sight Corporation, et al.*, Civil No. 890-56, and *American Institute of Architects*, Civil No. 992-72. Neither comment opposed termination.[8]

## IV. CONCLUSION

For the foregoing reasons, the United States believes termination of the judgments in each of the above-captioned cases is appropriate, and respectfully requests that the Court enter an

---

[6] Press Release, Department of Justice, Department of Justice Announces Initiative to Terminate "Legacy" Antitrust Judgments, (April 25, 2018), https://www.justice.gov/opa/pr/department-justice-announces-initiative-terminate-legacy-antitrust-judgments.

[7] https://www.justice.gov/atr/JudgmentTermination, link titled "View Judgments Proposed for Termination in District of Columbia."

[8] The United States identified on its public website the consent decree entered by this Court in *United States v. National Lumber Manufacturers Association*, Civil No. 11262 (D.D.C. May 6, 1941), as a candidate for termination. The United States has decided not to seek termination of the judgment at this time.

order terminating them.  *See* Appendix D, which is a proposed order terminating the judgments in the above-captioned cases.

Dated: July 9, 2018                                                                         /s/

                                          Mark J. Niefer (DC Bar No. 470370)
                                          Deputy Chief Legal Advisor - Civil
                                          Antitrust Division
                                          United States Department of Justice
                                          950 Pennsylvania Ave., NW
                                          Washington, DC 20530
                                          Phone: (202) 307-6318
                                          Email: mark.niefer@usdoj.gov